MEMORANDUM DECISION
Relator, Joseph Waters, commenced this original action seeking a writ of mandamus which compels respondent, Industrial Commission of Ohio ("commission"), to vacate its order of December 1996, denying compensation for temporary total disability compensation for the period beginning February 5, 1995, and to issue a new order granting that compensation, or, alternatively, denying temporary total disability compensation on grounds other than voluntary abandonment of the work force.
Relator also asks the court to order the commission to vacate its order denying compensation for permanent total disability compensation, and to issue an order granting such compensation, or, in the alternative, to issue an order that considers the medical and non-medical factors rather than relying on voluntary abandonment of the work force.
Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. Initially, the magistrate concluded that the commission did not abuse its discretion in denying temporary total disability compensation, finding that claimant voluntarily retired. While the magistrate acknowledged that relator's layoff was not a voluntary separation from employment, the magistrate decided the commission properly looked to the time period following his layoff. In considering that issue, the magistrate determined the commission was within its discretion to focus on the character of relator's choices following the layoff, including relator's reasons for discontinuing his job search and filing for pension benefits. While the magistrate noted the financial incentive for relator's doing so, she concluded that a decision to leave the work force when relator is capable of sustained remunerative employment would constitute an abandonment of the work force that would preclude eligibility for permanent total disability compensation.
Here, the commission found that relator was capable of working as of the date of the layoff and the magistrate concluded that the commission cited some evidence in the record to support its decision.
The magistrate also concluded that, in denying temporary total disability compensation, the commission addressed the question of whether relator voluntarily withdrew from the work force, an issue pertinent to his permanent total disability compensation request. The magistrate found that the commission's order cites evidence supporting its conclusion that, in relation to permanent total disability compensation, relator voluntarily removed himself from the work force. Finally, the magistrate concluded that the doctrine of res judicata precludes relator's relitigating the issue of whether he voluntarily removed himself from the work force. Accordingly, the magistrate decided the requested writ should be denied.
Relator has filed objections to the magistrate's decision, and for the reasons set forth herein, we sustain those objections.
The facts presented here are somewhat unusual and the commission's conclusions are unfair and contrary to law under these circumstances. Relator worked for Unitcast as a metal pourer for approximately forty years. There, relator was exposed to significant amounts of smoke and fumes. In 1992, relator developed and was subsequently diagnosed in 1994 with a respiratory problem, "reactive airway disease."
Relator would have continued his work as a metal pourer as long as he was physically able. However, the plant was closed and he was forced to retire. Notwithstanding his lack of a transferable skill and his age (sixty-three), he continued to seek other employment for a period of time (approximately two months). Unfortunately, relator's employment search was not fruitful and his financial obligations continued. As a result, relator filed for his pension and social security benefits. Subsequently, relator's claim for "reactive airway disease" was allowed.
Under these particular circumstances and pursuant to the Ohio Supreme Court's decision in State ex rel. B.O.C. Group v.Indus. Comm. (1991), 58 Ohio St.3d 199, and Baker MaterialHandling Corp. v. Indus. Comm. (1974), 69 Ohio St.3d 202, we conclude that the commission's finding that relator voluntarily retired is erroneous and is an abuse of discretion.
Therefore, upon a review of the magistrate's decision and an independent review of the file, the objections of relator, as they relate to the commission's finding that relator voluntarily retired, are sustained, and the remaining objections are, therefore, moot. The magistrate's findings of fact are adopted to the extent they are consistent with this decision. Accordingly, a writ of mandamus is granted ordering respondent, Industrial Commission of Ohio, to vacate its order denying relator's application for temporary total disability and permanent total disability, and to issue a new order consistent with this memorandum decision.
Objections sustained; Writ of mandamus granted.
BROWN, J., concurs.
BRYANT, J., dissents.